# 2001 DTA 177

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGÜEZ, PANEL I

ANDY VARGAS HORTA Y BRUNILDA RAMIREZ RAMOS, AMBOS POR SI Y
LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ELLOS
Recurridos

v.

THE GLIDDEN COMPANY Y/O ICI GLIDDEN OF P.R. Y/O GLIDDEN INDEPENDENT Y/O
COMPAÑIA FULANA DE TAL Y COMPAÑIAS ASEGURADORAS FULANA Y MENGANA DE TAL
Peticionarios

Núm. KLCE-01-00313

San Juan, Puerto Rico, a 23 de mayo de 2001

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Córdova Arone y la Juez Feliciano Acevedo

Córdova Arone, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

ICI Paints Puerto Rico, Inc. (ICI), recurre de una minuta-resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, mediante la cual declaró no ha lugar una moción de sentencia sumaria presentada por ICI en un pleito sobre daños y perjuicios incoado en su contra por el Sr. Andy Vargas Horta (señor Vargas), su esposa, la Sra. Brunilda Ramírez Ramos y la sociedad legal de gananciales compuesta por ambos. Por los fundamentos que pasamos a exponer más adelante, se expide el auto y se revoca la resolución recurrida. Veamos los hechos pertinentes.

### I

El 22 de mayo de 1999, el señor Vargas presentó contra ICI una demanda sobre despido injustificado, al amparo de la Ley Num. 80 de 30 de mayo de 1976, 29 L.P.R.A. sec. 185 a y ss. ■ El señor Vargas también reclamó daños y perjuicios, los cuales alegadamente sufrió cuando se le imputó la comisión de fraude en dos ocasiones: en una reunión y posteriormente cuando se le comunicó su despido. Alega que estas actuaciones lesionaron su derecho a la intimidad y a la protección contra ataques abusivos a su honra, reputación y a su vida privada y familiar estatuidos en el Art. II, secs. 1 y 8 de la Constitución del Estado Libre Asociado de Puerto Rico.

Luego de varios incidentes procesales, el 2 de octubre de 2001, ICI presentó una moción de sentencia sumaria. Demostró que no existía controversia real sustancial en cuanto a los siguientes hechos materiales: ■

*"1. El [señor Vargas] comenzó a trabajar como empleado regular de Glidden el 16 de junio de 1988 y fue despedido el 30 de marzo de 1999...*

*2. En o alrededor del 26 de diciembre de 1998, B.A.L. Management, (B.A.L.), a través de su representante Héctor Mejías, acudió a la tienda Glidden en el Barrio Maní en Mayagüez para hacer una compra de pinturas...*

*3. B.A.L. es una corporación que es dueña de varios edificios en la zona oeste, sur y norte de la Isla. B.A.L.*

*también se dedica a la construcción. B.A.L. era además un cliente habitual de Glidden...*

*4. En la fecha anteriormente mencionada, el señor Mejías le indica al señor Vargas, gerente de la tienda Glidden del Barrio Maní, que necesitaba comprar una cantidad considerable de pintura. A estos efectos, el señor Mejías le dijo: "[m]ira, esto es una necesidad que vamos a tener para el año 1999 de pintura. Yo necesito que tu me consigas el material, me lo tengas en un área en tu almacén para yo ir y llevármelo poco a poco"...*

*5. El señor Vargas aceptó la anterior proposición y acordó almacenar la mercancía en la tienda ... B.A.L. entonces suscribió una orden de compra de pintura a Glidden por la cantidad de $22,964.70, a través del señor Vargas. La compra fue facturada a la cuenta de crédito que tenía B.A.L. con Glidden...*

*6. En algún momento luego de efectuada la venta y previo a la fecha del despido del [señor Vargas], B.A.L. informó al Departamento de Crédito de Glidden que no pagaría la factura... ya que no habían recibido la mercancía...*

*7. El 30 de marzo de 1999, la Sra. Nadjah Galíndez, Gerente de Recursos Humanos de ICI, se reunió con el [señor Vargas] en el Burger King del Mayagüez Mall, para informarle que sería despedido...".*

ICI sostiene que para efectos de la moción de sentencia sumaria, se admiten también como hechos incontrovertidos los siguientes:

*"1. ...[A]l momento del despido, la señora Nadjah Galíndez le imputó haber cometido un fraude diciendo: "Me dieron la encomienda, ...no es fácil... que en este momento tú quedas cesante de la compañía porque cometiste un fraude, una violación a la compañía".*

*2. Al escuchar la imputación de fraude, el señor Vargas preguntó a la señora Galíndez de qué se trataba el fraude. Acto seguido, la señora Galíndez explicó al [señor Vargas], que el fraude consistía en que B.A.L. tenía unos fondos federales presupuestados a través del programa conocido como sección 8, los cuales tenían que ser utilizados antes de que terminara el año fiscal...*

*3. El señor Vargas explicó a la señora Galíndez cómo se efectuó la venta y expresó desconocer sobre el alegado fraude...".*

ICI alegó que como cuestión de derecho debía dictarse sentencia sumaria a su favor y desestimar la demanda, ya que la señora Galíndez se limitó a despedir al señor Vargas e informarle la razón de su despido, comunicación que es privilegiada y forma parte del desempeño normal en el escenario de trabajo, por lo que éste no tenía una causa de acción en su contra.

El señor Vargas se opuso al reclamo de ICI. Alegó que el privilegio levantado por ICI es condicional y que renunció al mismo, ya que abusó de él cuando se le imputó la comisión de fraude, en la reunión en la cual alegadamente se le acusó de un chanchullo, traqueteo y robo, y al comunicarle la razón de su despido. ■ El señor Vargas sostuvo que estas actuaciones no formaron parte del desempeño normal en el escenario de trabajo.

Posteriormente, ICI presentó una réplica a la oposición presentada por el señor Vargas. Acompañó a la misma copia de una deposición tomada a éste, de la cual se desprende que tampoco existe controversia en cuanto a que no se divulgó o comunicó imputación alguna de fraude previo a su despido en la reunión celebrada el 22 de marzo de 1999, en la cual participaron el señor Vargas, su supervisor inmediato, Sr. Enrique Rodríguez, el vendedor de zona Sr. Edil Muñiz y el gerente de tiendas a nivel nacional, Sr. Robert Pierce. ■

Durante la celebración de la conferencia con antelación al juicio, los abogados de las partes argumentaron la procedencia de resolver el caso por la vía sumaria. El tribunal recurrido declaró no ha lugar la moción de sentencia sumaria. La correspondiente minuta-resolución se notificó el 15 de febrero de 2001.

No conforme, ICI recurre ante nos. En un único señalamiento de error, le imputa al Tribunal de Primera Instancia haber errado al declarar sin lugar su moción de sentencia sumaria.

El señor Vargas presentó su escrito en oposición a la expedición del auto. Estamos en condiciones de resolver el recurso de epígrafe y así procedemos a hacerlo.

## II

La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, dispone que un tribunal podrá dictar sentencia sumaria si:

*"Las alegaciones, disposiciones [sic], contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente."*

En dicha moción, el solicitante tiene que demostrar que no existe controversia real sustancial en cuanto a ningún hecho material y que procede el que se dicte sentencia a su favor como cuestión de ley. *Partido de Acción Civil v. Estado Libre Asociado*, **2000 J.T.S. 33**, a la pág. 681.

La parte promovida, para derrotar una moción de sentencia sumaria, deberá presentar declaraciones juradas y documentos que controviertan los hechos presentados por el solicitante de la misma. *García Rivera v. Henríquez Marín*, **2001 J.T.S. 15**, a la pág. 820. No puede cruzarse, de brazos y descansar en sus alegaciones. Al contrario, tiene que refutar los hechos alegados mediante presentación de prueba. *Sánchez Montalvo v. Autoridad de Puertos*, **2001 J.T.S. 34**, a la pág. 967.

El tribunal, al evaluar la moción, examinará los documentos que le han sido presentados y dictará sentencia sumaria sólo si a la luz de los mismos, además de los que consten en autos, no hay controversia real en cuanto a ningún hecho material y como cuestión de derecho procede dictarse. *Hernández Villanueva v. Hernández*, **2000 J. T.S. 26**, a la pág. 608.

La sentencia sumaria sólo debe concederse cuando no hay una genuina controversia sobre los hechos materiales y el tribunal se convence que tiene ante sí la verdad de todos los hechos pertinentes. *Management Administration Services v. Estado Libre Asociado*, **2000 J.T.S. 189**, a la pág. 440.

## III

Es norma trillada aquélla que postula que un empleado contratado por tiempo indeterminado que es despedido sin justa causa y, además, ha sido objeto de actuaciones que lesionen su derecho a la intimidad, o que constituyen ataques a su integridad personal, puede reclamar además del pago de la mesada, los daños y perjuicios que estas actuaciones le hayan causado. Esta última reclamación se da en función de actuaciones torticeras independientes al hecho del despido. *Rivera v. Security Nat. Life Ins. Co.*, 106 D.P.R. 517, 527 (1977).

Sin embargo, el reclamante tiene que demostrar actuaciones concretas del patrono que sean ajenas al desempeño normal en el escenario del trabajo y constitutivas de ataques nocivos a su dignidad e integridad personal o familiar. *Segarra Hernández v. Royal Bank*, **98 J.T.S. 37**, a las págs. 751 y 753.

A manera de ejemplo, el Tribunal Supremo ha considerado como situaciones nocivas a estos derechos constitucionales, las siguientes: difusión indiscriminada de información íntima o personal del trabajador o que incida irrazonablemente sobre su tranquilidad personal o familiar; divulgación de información falsa o calumniosa; actuaciones que limiten su facultad de tomar decisiones sobre su vida íntima o familiar; patrón de humillaciones que violen el derecho a la intimidad; cuadro de hostilidad y denigración. *Segarra Hernández v. Royal Bank, Id.*, a la pág. 751.

## IV

En el caso que nos ocupa, existe clara certeza de que no hay controversia en cuanto a que el día que el señor Vargas fue despedido, la señora Galíndez le indicó que quedaba cesante porque había cometido un fraude en contra de ICI. Tampoco hay controversia en cuanto a que no se divulgó o comunicó una acusación de fraude previo al despido del señor Vargas en la reunión celebrada en la tienda del Barrio El Maní de Mayagüez.

Así, pues, nos encontramos ante un evento legítimo que puede llevar a cabo un patrono: despedir a un empleado e informarle la razón de su despido. *Porto v. Bentley*, 132 D.P.R. 331, 356 (1992). Nótese que no hubo divulgación o comunicación de la imputación de fraude. No estamos ante ninguna situación en la que se le hayan vulnerado los derechos constitucionales al señor Vargas.

Estimamos que ante la total inexistencia de controversia de hechos y ante la ausencia de causa de acción del señor Vargas, procedía el que se dictara sentencia desestimando la demanda. Erró el Tribunal de Primera Instancia al declarar sin lugar la moción de sentencia sumaria.

## V

Por los fundamentos expuestos, se expide el auto de *certiorari*, se revoca la resolución recurrida y se desestima la demanda presentada por el señor Vargas.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

### ESCOLIOS 2001 DTA 177

1. El 29 de febrero de 2000, el Tribunal de Primera Instancia dictó sentencia parcial y desestimó esta causa de acción debido a que el señor Vargas *"...aceptó haber recibido la compensación equivalente al pago de la mesada"*. Pág. 122 del apéndice.

2. Págs. 3 a 5 de la moción de sentencia sumaria.

3. Véanse págs. 3 y 4 de la moción en oposición a sentencia sumaria. (Págs. 28 a 29 del apéndice).

4. Págs. 8 a 23 del apéndice.